IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 16 CV 6625 |
| | ) | |
| v. | ) | Judge John Z. Lee |
| | ) | |
| ROBERTO LOPEZ-LEMUS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Roberto Lopez-Lemus ("Lopez-Lemus") has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the reasons stated herein, Lopez-Lemus's motion is denied.

**Background**

On November 6, 2014, Lopez-Lemus was charged with illegal reentry into the United States, in violation of 8 U.S.C.§ 1326(a). He pleaded guilty on August 12, 2015. The U.S. Probation Office submitted a pre-sentence investigation report ("PSR") on September 30, 2015. *See* PSR, 14-cr-00660, ECF No. 21. It identified the base level for Lopez-Lemus's offense as 8. *Id.* at 6. It also determined that, pursuant to § 2L1.2(b)(1)(A)(ii) of the applicable United States Sentencing Guidelines ("USSG"), his offense level should be enhanced by sixteen points for a 2004 conviction in Cook County Circuit Court for aggravated battery. *Id.* at 6, 7, 9. His total offense level—after subtracting points for acceptance of responsibility—was calculated at 21, *id.* at 7, with a criminal history category of IV, *id.* at 10, 17. This yielded a guideline imprisonment range of 57 to 71 months. *Id.* at 17. Lopez-Lemus agreed with the

calculation, although he requested a below-guidelines sentence of 36 months. *See* Def.'s Sentencing Mem. at 1, 14-cr-00660, ECF No. 25.

Lopez-Lemus was sentenced on November 10, 2015. 14-cr-00660, ECF No. 27. At the hearing, the Court clarified that it was applying the sixteen-point enhancement for a prior offense based on Lopez-Lemus's conviction for aggravated battery, as listed in the PSR, *see* PSR at 7, not his prior firearms offense. Sentencing Transcript ("Tr.") at 5:12–17, 14-cr-00660, ECF No. 31. The Court sentenced Lopez-Lemus to a term of imprisonment of 45 months. *Id.* at 22:11–14; 14-cr-00660, ECF No. 29. Lopez-Lemus did not file a notice of appeal.

On June 23, 2016, Lopez-Lemus filed a *pro se* motion under 28 U.S.C. § 2255. Pet'r.'s Mot., ECF No. 1.

## **Legal Standard**

Section 2255 provides that a criminal defendant is entitled to relief from his conviction and sentence if "the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show" that the defendant is not entitled to relief. *Id*. Relief under § 2255 is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878–79 (7th Cir. 2013).

## Analysis

Lopez-Lemus raises only one ground for relief in his § 2255 motion. He contends that his enhancement due to a prior conviction[1] was unconstitutionally categorized as a "crime of violence" under USSG § 2L1.2(b)(1)(A)(ii) instead of "any other felony," under § 2L1.2(b)(1)(D), which resulted in a sixteen-point enhancement to his offense level, instead of a four-point enhancement. Pet'r.'s Mot. at 2. Lopez-Lemus relies on *Johnson v. United States*, which held that 18 U.S.C. § 924(e)(2)(B)(ii), the so-called residual clause of the Armed Career Criminal Act, is unconstitutionally vague under the Due Process Clause. 135 S. Ct. 2551, 2557 (2015). Section 924(e)(2)(B)(ii) defined "violent felony," the type of conviction that can serve as a predicate conviction under the ACCA, as including any felony that "involves conduct that presents a serious potential risk of physical injury to another."

According to Lopez-Lemus, *Johnson* rendered the 16-level enhancement "inapplicable," meaning that Lopez-Lemus should have received only a four-level enhancement. Pet'r.'s Mot. at 2. The Government responds that a recent Supreme Court decision, *Beckles v. United States*, 137 S. Ct. 886 (2017), foreclosed the relief Lopez-Lemus seeks under *Johnson*. Govt.'s Resp. at 5–6, ECF No. 18. The Government further contends that he procedurally defaulted on any *Johnson* claim. *Id.* at 7–8.

---

[1] Lopez-Lemus contends that the Court imposed a 16-point increase in his base offense level under USSG § 2L1.2(b)(1)(a)(ii) on the grounds of a prior conviction for firearms possession. *See* Pet'r.'s Mot. at 1–2. However, as the Government points out, *see* Govt.'s Resp. at 6, ECF No. 18, the prior conviction that served as the grounds for this sentencing enhancement was for aggravated battery, not firearms possession. Tr. at 5:15–17.

The Government is correct that *Beckles* bars Lopez-Lemus from any relief under *Johnson*. In *Beckles*, the petitioner challenged a provision in the sentencing guidelines that defined a "crime of violence" using the same language that *Johnson* ruled was unconstitutionally vague. *Beckles,* 137 S. Ct. at 891 (citing USSG § 4b1.2(a)(2)). The Supreme Court rejected the petitioner's argument, holding that because the Guidelines do not fix the permissible range of sentences, but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range . . . . the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Id.* at 895.

Because the Guidelines are categorically not subject to a vagueness challenge under the Due Process Clause, Lopez-Lemus cannot successfully challenge § 2L1.2(b)(1)(A)(ii) as vague. Even if he could, the definition of "crime of violence" in the version of USSG § 2L1.2(b)(1)(A)(ii) effective at Lopez-Lemus's sentencing does not even include the language ruled unconstitutionally vague in *Johnson*. *See* USSG Manual § 2L1.2 cmt. (U.S. Sentencing Comm'n 2015, effective November 1, 2015) (defining "crime of violence" as "[A]ny of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.").

4

As *Johnson* was Lopez-Lemus's only grounds for his motion to correct his sentence, the Court denies the motion.[2]

## Conclusion

For the foregoing reasons, Lopez-Lemus's motion to vacate, set aside, or correct his sentence under § 2255 [1] is denied. The Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, because Lopez-Lemus has not made a substantial showing that reasonable jurists could debate whether his motion should have been resolved in a different manner. *See* 28 U.S.C. § 2253(c)(2); *Narvaez v. United States*, 674 F.3d 621, 626 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000)).

**IT IS SO ORDERED.**     ENTERED   11/29/18

_____
**John Z. Lee
United States District Judge**

---

[2] Because the Court finds that Lopez-Lemus's argument to correct his sentence based on *Johnson* fails on the merits, it does not address the Government's argument that he procedurally defaulted the *Johnson* claim. Govt.'s Resp. at 7–8. The Court also declines to address the Government's contention that Lopez-Lemus does not have a claim under *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015), because Lopez-Lemus did not make the argument. *Id.* at 8–11.